IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASHANTI A. ADAMS, et al., )
)
                Plaintiffs, )
)
  v. ) No. 07 C 359
)
TARGET CORPORATION, et al., )
)
                Defendants. )

## MEMORANDUM ORDER

Target Corporation, Target Stores and Super Target (collectively "Target," treated for convenience as a singular noun after this sentence) have filed a Notice of Removal ("Notice") to bring this action from its original home in the Circuit Court of Cook County to this District Court. This memorandum order is issued sua sponte pursuant to this Court's obligation to address the issue of subject matter jurisdiction vel non at the outset (see, e.g., <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998)).

Unfortunately the Notice's attached copy of the multi-plaintiff, multi-count Complaint comprises only the first 22 pages of that document. Although page 22 includes the beginning of Count XXII, brought by the last-named plaintiff Marvee Marr, so that it seems likely that very little is missing from the attachment, it is possible that the missing page or pages may address the subject dealt with next in this memorandum order. But in the absence of the necessary information, this Court is

obligated to raise that subject.

Target predicates removal on two grounds:

    1.  As for federal-question jurisdiction, it points to the Complaint's references to Title VII's prohibition against sex discrimination and to one plaintiff's assertion of age discrimination.

    2.  Diversity jurisdiction is also invoked, on the premises that Target has dual corporate citizenship in Delaware and Minnesota (see 28 U.S.C. §1332(c)(1)) and that all plaintiffs are asserted on information and belief to be Illinois citizens (see Notice ¶3).

Both of those possible grounds for removal require a further look.

As for the federal-question claims, nothing in the first 22 pages of the Complaint suggests that any of the plaintiffs has taken the administrative steps that are a prerequisite to bringing an action based on either Title VII or ADEA (the filing of an EEOC charge and the issuance of a right-to-sue letter). If that gap indeed exists, plaintiffs' federal claims fail at the outset, so that plaintiffs must be relegated to state law claims that are not cognizable in this District Court.

As for diversity of citizenship, this Court has no quarrel with the bona fides of Target's assertion that it <u>believes</u> the amount in controversy as to each plaintiff is in excess of

$75,000 (Notice ¶6). But Complaint ¶21's generalized reference to "pain and suffering, emotional duress, mental anguish, loss of income/revenue, invasion of privacy, humiliation, emotional distress, damage to work reputation, and other related damages" is the kind of boilerplate that may not survive scrutiny as a basis for the potential recovery of damages in excess of the jurisdictional floor (sort of like the rote repetition of "sick, sore, lame and disordered" commonly encountered in personal injury cases). That too requires a hard look before this Court can properly retain jurisdiction over this action.

Target has served notice of its proposed presentment at 9:15 a.m. January 26 of an unopposed motion for an extension of time to respond to the Complaint. This Court ordinarily does not require in-court appearances for such motions, which it regularly grants as a matter of course. In this instance, however, this memorandum order is being issued now so that both sides' counsel will in fact appear on January 26 prepared to speak to the matters covered here.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 23, 2007